UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CITY OF HOLLYWOOD FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP INC., ANDREW WITTY, STEPHEN HEMSLEY, and BRIAN THOMPSON,<br><br>Defendants. | Case No. 0:24-cv-01743-JMB-ECW<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ............................................................................................. 4

ARGUMENT ...................................................................................................................... 5

    I.    UNION SHOULD BE APPOINTED LEAD PLAINTIFF ........................... 5

        A.    Union Has Timely Moved For Appointment As Lead Plaintiff ........ 5

        B.    Union Has The Largest Financial Interest ......................................... 6

        C.    Union Satisfies The Requirements Of Rule 23 ................................. 7

    II.    THE COURT SHOULD APPROVE UNION'S SELECTION OF COUNSEL ..................................................................................................... 10

CONCLUSION ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Cases**                  **Page(s)**

*Aviva Partners, LLC v. Navarre Corp.*,
   2005 WL 3782255 (D. Minn. Dec. 13, 2005) .............................................................. 7

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...................................................................................... 10

*Erickson v. Hutchinson Tech. Inc.*,
   2016 WL 8199314 (D. Minn. Apr. 4, 2016) ................................................................ 8

*Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*,
   2009 WL 1458234 (D. Minn. May 26, 2009) ............................................................. 6

*Steamfitters Loc. 449 Pension & Ret. Sys. Sec. Funds v. Sleep No. Corp.*,
   2022 WL 1607306 (D. Minn. May 20, 2022) ............................................................. 7

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ...................................................................................................... 8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in*
   1995 U.S.C.C.A.N. 730 (1995) ............................................................................. 9, 10

Union Asset Management Holding AG ("Union") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (1) appointing Union as Lead Plaintiff; (2) approving Union's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On May 14, 2024, City of Hollywood Firefighters' Pension Fund, through its counsel, Bernstein Litowitz, filed the above-captioned securities class action alleging that UnitedHealth Group Inc. ("UnitedHealth" or the "Company") and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the action alleges that, from March 14, 2022, to February 27, 2024, inclusive (the "Class Period"), Defendants misled investors concerning steps the Company purported to take in order to assuage anti-competitive concerns, particularly the existence and efficacy of technological firewalls. UnitedHealth investors, including Union, incurred significant losses when *The Wall Street Journal* reported that the U.S. Department of Justice (the "DOJ") had re-opened its antitrust investigation into UnitedHealth.

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the movant that has the "largest financial interest" in the relief sought by the Class and has made a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Union is the "most adequate plaintiff" by virtue of, among other things, the more than $28 million in losses that it incurred on its purchases of more than 2.5 million shares of UnitedHealth common stock during the Class Period—a substantial financial interest that will ensure the vigorous prosecution of investors' claims.[1]

In addition to asserting the largest financial interest, Union readily satisfies the relevant requirements of Rule 23 because its claims are typical of all Class members, and it will fairly and adequately represent the interests of the Class. Indeed, Union is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial interest in the litigation, and it has significant experience serving as a lead plaintiff in other securities class actions and supervising the work of outside counsel. Accordingly, Union has both the incentive and ability to supervise and monitor counsel.

---

[1] Union's PSLRA-required Certification is provided as Exhibit A to the Declaration of Gregg M. Fishbein in Support of the Motion of Union Asset Management Holding AG for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel (the "Fishbein Decl."). In addition, a chart setting forth calculations of Union's losses is provided as Exhibit B to the Fishbein Decl.

Further, Union fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this action.  Union's familiarity with the PSLRA is informed by its years of experience serving as a lead plaintiff in numerous securities class actions, through which it achieved combined recoveries of approximately $1.75 billion on behalf of investors.  Union benefits from the resources and dedicated personnel of an in-house legal staff that ensures close oversight of outside counsel retained by Union to handle securities class action litigation.  As Lead Plaintiff in this action, Union will bring those resources and experiences to bear on behalf of the Class.

Union has further demonstrated its adequacy by selecting Bernstein Litowitz to serve as Lead Counsel for the Class.  Bernstein Litowitz is a nationally recognized securities class action litigation firm that has recovered over $40 billion dollars for the benefit of defrauded investors, and is eminently qualified to prosecute this case.  Union has prior experience serving as a fiduciary and in selecting, hiring, and overseeing the activities of outside counsel in securities class actions, including proposed Lead Counsel, Bernstein Litowitz.

Based on Union's financial interest in the relief sought by the Class in this litigation, and its ability to oversee counsel, Union respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

UnitedHealth is a health care and well-being company comprised of two distinct, but complementary, businesses: Optum and UnitedHealthcare. UnitedHealthcare is the largest insurance provider in the United States, while Optum provides healthcare-related services, including software solutions, payment services, and data analytics. Prior to the start of the Class Period, on January 6, 2021, UnitedHealth announced an agreement to acquire Change Healthcare ("Change") and integrate it into its existing Optum business.

In response to the January 6 announcement, the DOJ filed a lawsuit challenging UnitedHealth's acquisition of Change, alleging that the proposed acquisition would violate antitrust laws as the integration of Change and Optum would give UnitedHealth unparalleled access to health data on every single American. In order to assuage these concerns, UnitedHealth assured the DOJ, investors, and customers that Optum would "maintain robust firewall processes" to prevent information from being shared between UnitedHealthcare and Optum.

The DOJ's lawsuit was ultimately tried in the United States District Court for the District of Columbia. The court ultimately permitted the acquisition, repeatedly crediting UnitedHealth's firewall policy and commitment to preventing the sharing of data between UnitedHealthcare and Optum as the rationale for allowing the deal to proceed.

The action alleges that, in truth, UnitedHealth never established proper firewalls between Optum and UnitedHealthcare as required by its own policy, and as it told the court in the antitrust action. Throughout the Class Period, Defendants made assurances to the

4

contrary, despite the fact that there was never a meaningful technological separation between Optum and UnitedHealthcare.

The truth emerged on February 27, 2024, when *The Wall Street Journal* reported that the DOJ had re-opened its antitrust investigation into UnitedHealth. That article further reported that the DOJ was investigating the relationships between the Company's various segments, including Optum. As a result of these disclosures, the price of UnitedHealth stock declined by $27 per share.

## ARGUMENT

### I. UNION SHOULD BE APPOINTED LEAD PLAINTIFF

Union respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Union believes it is the "most adequate plaintiff" because it has the largest financial interest of any qualified movant, satisfies the typicality and adequacy requirements of Rule 23, and is a sophisticated institutional investor with the skills and resources to oversee and vigorously prosecute this action.

### A. Union Has Timely Moved For Appointment As Lead Plaintiff

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the

same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On May 14, 2024, City of Hollywood Firefighters' Pension Fund filed the above-captioned action in this District. That same day, counsel for City of Hollywood Firefighters' Pension Fund, Bernstein Litowitz, published a notice on *Business Wire*, which alerted investors to the pendency of the action and informed them of the deadline to seek appointment as Lead Plaintiff, which is July 15, 2024. *See* Fishbein Decl., Ex. C. Accordingly, Union's motion is timely.

### B.  Union Has The Largest Financial Interest

Union is entitled to appointment as Lead Plaintiff because it has the largest financial interest in the relief sought by the Class.[2] *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Union incurred substantial losses of more than $28 million on its Class Period purchases of more than 2.5 million shares of UnitedHealth common stock. *See* Fishbein Decl., Exs. A & B. Union is unaware of any other movant seeking Lead Plaintiff appointment that has a larger financial interest in the outcome of the litigation. Accordingly, as a qualified movant with

---

[2] Union is an institutional asset manager, which manages investment assets through separate funds and is authorized to bring legal action on their behalf. Union purchased UnitedHealth stock during the Class Period through several investment funds established under either German or Luxembourgian law, which are managed by three Union subsidiaries. While the investment funds are considered separate estates, they are not independent legal entities and do not have legal capacity to sue in, or be brought before, courts of law. Instead, the Union subsidiaries that manage those investment funds are vested with authority to sue in their own name for damages suffered by those funds that they manage. Prior to seeking appointment as Lead Plaintiff, Union obtained valid assignments of the funds' claims from the Union subsidiaries that manage those funds. *See* Fishbein Decl., Ex. D; *see also Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2009 WL 1458234, at *2 (D. Minn. May 26, 2009) (appointing Union as lead plaintiff and noting that it had standing because it "received effective assignments of claims").

6

the largest financial interest, Union is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## C. Union Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest, Union otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make "a *prima facie* showing" that it satisfies the adequacy and typicality requirements of Rule 23. *Steamfitters Loc. 449 Pension & Ret. Sys. Sec. Funds v. Sleep No. Corp.*, 2022 WL 1607306, at *3 (D. Minn. May 20, 2022) (noting "the Court considers only whether the proposed plaintiff has made a *preliminary showing* that [the] Rule 23[] requirements . . . are satisfied") (citation and internal quotation omitted) (emphasis in the original). Here, Union unquestionably satisfies both requirements.

Typicality exists where the plaintiffs' claims "arise from the same general events and are based on the same legal theories as the claims of the other class members." *Aviva Partners, LLC v. Navarre Corp.*, 2005 WL 3782255, at *2 (D. Minn. Dec. 13, 2005) (citing *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561-62 (8th Cir. 1982)). Here, Union satisfies this requirement because, just like all other Class members, it purchased UnitedHealth securities during the Class Period at prices artificially inflated as a result of Defendants' materially false and misleading statements and suffered damages thereby. *See Navarre*, 2005 WL 3782255, at *3 (finding typicality requirement satisfied by a lead plaintiff movant that purchased or acquired securities during the class period at prices artificially inflated by defendants' alleged materially false and misleading statements, and suffered damages

7

when the truth was disclosed to the market). As such, Union satisfies the typicality requirement of Rule 23.

Union similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "At this stage in the litigation, the Rule 23 considerations are limited to the questions of typicality and adequacy." *Erickson v. Hutchinson Tech. Inc.*, 2016 WL 8199314, at *4 (D. Minn. Apr. 4, 2016). Union satisfies these elements because its substantial financial stake in the litigation provides Union with the incentive to vigorously represent the Class's interests. Union's interests are aligned with those of the other members of the Class and there are no facts to suggest any actual or potential conflict of interest or other antagonism between Union and other Class members.

Further, Union has extensive experience serving as a lead plaintiff in securities class actions and supervising the work of outside counsel. Based on its experience serving as a lead plaintiff, Union fully understands the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. Union has repeatedly demonstrated its ability and expertise in serving as an extraordinarily qualified and effective advocate on behalf of investors in securities class actions, having successfully prosecuted numerous securities class actions in courts throughout the country, including in this District, which have resulted in combined recoveries of approximately $1.75 billion for investors. *See, e.g.*, *Hefler v. Wells Fargo & Co.*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million with Bernstein Litowitz as lead counsel); *In re Kraft Heinz Sec. Litig.*, No. 19-cv-1339 (N.D. Ill.) (recovering $450 million with Bernstein Litowitz as co-

8

lead counsel); *In re Equifax Inc. Sec. Litig.*, No. 17-cv-3463 (N.D. Ga.) (recovering $149 million with Bernstein Litowitz as lead counsel); *In re Allergan Generic Drug Pricing Sec. Litig.*, No. 16-cv-9449 (D.N.J.) (recovering $130 million with Bernstein Litowitz as co-lead counsel); *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, No. 16-cv-6509 (D.N.J.) (recovering $95 million with Bernstein Litowitz as lead counsel); *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.) (recovering $85 million with Bernstein Litowitz as co-lead counsel); *Hill v. State Street Corp.*, No. 09-cv-12146 (D. Mass.) (recovering $60 million with Bernstein Litowitz as co-lead counsel); *In re Medtronic, Inc. Sec. Litig.*, No. 13-cv-1686 (D. Minn.) (recovering $43 million for investors); *In re Boston Sci. Corp. Sec. Litig.*, No. 20-cv-12225 (D. Mass.) (recovering $38.5 million with Bernstein Litowitz as lead counsel); *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, No. 18-cv-4844 (N.D. Cal.) (recovering $17.5 million with Bernstein Litowitz as lead counsel).

Moreover, Union benefits from its dedicated in-house counsel and devoted staff who are charged with monitoring all outside counsel and the prosecution of securities class actions in which Union serves as lead plaintiff. These personnel are highly experienced in conducting and supervising complex litigation and have repeatedly demonstrated their ability to oversee counsel and successfully prosecute securities class actions under the PSLRA.

In addition, Union—a large, sophisticated institutional investor responsible for managing nearly €480 billion in assets—is exactly the type of investor Congress sought to empower, through the enactment of the PSLRA, to lead securities class actions. *See* H.R.

9

Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent in enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff). As such, Union possesses the experience and resources to vigorously litigate the action and supervise Lead Counsel.

Finally, Union has demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation. Accordingly, Union satisfies the typicality and adequacy requirements of Rule 23.

**II.   THE COURT SHOULD APPROVE UNION'S SELECTION OF COUNSEL**

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at *35, *reprinted* in 1995 U.S.C.C.A.N. at 734.

The Court should approve Union's selection of Bernstein Litowitz to serve as Lead Counsel. Bernstein Litowitz is among the preeminent securities class action law firms in the country. As detailed in its firm résumé, Bernstein Litowitz has extensive experience serving as lead counsel in securities class actions. *See* Bernstein Litowitz Firm Résumé, Fishbein Decl., Ex. E. For example, Bernstein Litowitz served as lead counsel in *In re*

10

*WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—the second largest recovery in securities class action history—were obtained for the class.  Bernstein Litowitz also served as lead counsel in *In re Cendant Corporation Securities Litigation*, No. 98-cv-1664 (D.N.J.), in which settlements in excess of $3.3 billion in cash and extensive corporate governance reforms were obtained on behalf of the class.  Bernstein Litowitz also secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y), and a $1.06 billion recovery in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.).

Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.) (recovering $85 million for investors, with Union serving as Lead Plaintiff); and *In re CenturyLink Sales Practices and Securities Litigation*, No. 18-cv-296 (D. Minn.) (recovering $55 million for investors).  Bernstein Litowitz also served as co-lead counsel in *In re UnitedHealth Group, Inc. Shareholder Derivative Litigation*, No. 06-cv-1216 (D. Minn.), and recovered over $920 million, one of the largest shareholder derivative action recoveries ever.

Thus, the Court may be assured that by granting Union's motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Union's selection of Bernstein Litowitz as Lead Counsel for the Class.

## CONCLUSION

For the reasons stated above, Union respectfully requests that the Court: (1) appoint it Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: July 15, 2024                                   Respectfully submitted,

*/s/ Gregg M. Fishbein*
Gregg M. Fishbein, MN No. 202009
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
gmfishbein@locklaw.com

*Liaison Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG*

Gerald H. Silk
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants on the Notice of Electronic Filing (NEF).

*/s/ Gregg M. Fishbein*
Gregg M. Fishbein, MN No. 202009
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
gmfishbein@locklaw.com

*Liaison Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG*

13