# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CITY OF HOLLYWOOD FIREFIGHTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITEDHEALTH GROUP INC., et al.,<br><br>      Defendants. | Civ. No. 0:24-cv-01743-JMB-ECW<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

4880-6041-3903.v1

## I. INTRODUCTION

This federal securities class action is brought on behalf of purchasers of UnitedHealth Group Inc. ("UnitedHealth" or the "Company") common stock between March 14, 2022 and February 27, 2024, inclusive (the "Class Period"), against the Company and certain senior executive officers alleging violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class action cases such as this, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), directs district courts to appoint as lead plaintiff the class member the Court "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, the California Public Employees' Retirement System ("CalPERS") should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) to its counsel's knowledge, has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, CalPERS' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved as the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. ARGUMENT

### A. CalPERS Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely-circulated

national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). CalPERS meets these requirements and should be appointed Lead Plaintiff.

### 1. CalPERS' Motion Is Timely

On May 14, 2024, notice of the filing of the complaint was published on *Business Wire* and advised class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by July 15, 2024. *See* Declaration of James Poradek in Support of California Public Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Poradek Decl."), Ex. A. Because this Motion is being filed by July 15th, it is timely and CalPERS is entitled to be considered for appointment as lead plaintiff.

### 2. CalPERS Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, CalPERS: (a) purchased over 1.8 million shares of UnitedHealth stock during the Class Period; (b) at the end of the Class

- 2 -

Period, held 993,923 net shares that were purchased during the Class Period; and (c) suffered more than $76.3 million in losses as a result of defendants' alleged wrongdoing.  *See* Poradek Decl., Exs. B-C.[1]  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, CalPERS satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.      CalPERS Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "'At this stage in the litigation, the Rule 23 considerations are limited to the questions of typicality and adequacy.'" *Mart v. Tactile Sys. Tech., Inc.*, 2021 WL 321624, at *2 (D. Minn. Feb. 1, 2021) (citation omitted).  "'Typicality exists where the plaintiff's claims arise from the same series of events or are based on the same legal theories as the claims of all the class members.'" *Id.* (citation omitted). "Adequacy exists where (1) the plaintiff and its attorneys are able and willing to prosecute the action competently and vigorously and (2) the plaintiff's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *Id.* (cleaned up) (citation omitted).  Importantly, a movant "need only make a 'preliminary showing' of the typicality and adequacy requirements." *Id.* (citation omitted).

CalPERS easily satisfies these requirements.  Like all putative class members, CalPERS purchased UnitedHealth stock during the Class Period and suffered harm as a

---

[1]   CalPERS' losses calculated pursuant to the last-in, first-out accounting method are in excess of $63.2 million.

- 3 -

result of defendants' alleged misconduct. As such, CalPERS suffered the same injuries as the other putative class members as a result of the same alleged conduct by defendants and has claims based on the same legal issues. CalPERS has submitted a Certification and Declaration confirming its willingness and ability to serve as lead plaintiff. *See* Poradek Decl., Exs. B, D. In addition, CalPERS has a proven record of successfully serving as a lead plaintiff in prior securities class action cases, including *In re Cendant Corp. Sec. Litig.*, No. 2:98-cv-01664 (D.N.J.), in which CalPERS recovered $3.2 billion for investors, and *In re UnitedHealth Grp., Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.), a case prosecuted in this District against this corporate defendant in which CalPERS recovered $925.5 million for investors.

CalPERS is the largest state public pension fund in the United States, with more than 2 million members and over $500 billion in assets under management. *See* Poradek Decl., Ex. D. If appointed lead plaintiff, CalPERS will actively oversee the prosecution of the claims by, among other things, reviewing court filings, attending hearings when appropriate to do so and providing documents and deposition testimony. *Id.* As an institutional investor with significant experience serving as lead plaintiff and class representative in securities class actions, CalPERS will utilize its resources and experience to ensure vigorous and competent advocacy for the benefit of the putative class. *See generally* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in

securities class actions."). Finally, as discussed below, CalPERS has selected qualified counsel experienced in securities litigation.

Accordingly, the Court should find that CalPERS has made a *prima facie* showing of typicality and adequacy.

### B. The Court Should Approve CalPERS' Selection of Robbins Geller as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). CalPERS has selected Robbins Geller to serve as lead counsel.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation.[2] The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including the Judges of this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Medtronic, Inc. Sec. Litig.*, No. 0:13-cv-01686-MJD-KMM, ECF 556 at 4 (D. Minn. Dec. 12, 2018) (recognizing that Robbins Geller and co-lead counsel "conducted the Litigation and achieved the [$43 million]

---

[2]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

4880-6041-3903.v1

Settlement with skill, perseverance, and diligent advocacy"); *Mart*, 2021 WL 321624, at *2 (finding that "Robbins Geller is regularly appointed as lead counsel by courts around the country and in this District" and approving institutional investor's selection of Robbins Geller as lead counsel). In fact, Robbins Geller – along with CalPERS serving as Lead Plaintiff – has not just obtained the largest PSLRA recovery in this District and Circuit (*In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery)), but Robbins Geller attorneys also obtained the largest securities class action recovery in U.S. history (*In re Enron Corp. Sec. Litig.*, No. 4:01cv-03624 (S.D. Tex.) ($7.3 billion recovery)). Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits.[3]

In the last four years alone, Robbins Geller has recovered more than $5 billion for investors in securities class actions, including in: *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); *In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR (N.D. Cal.) ($490 million recovery, pending court approval); *In re Under Armour Sec. Litig.*, No. 1:17-cv-00388-RBD (D. Md.) ($434 million

---

[3]   *See, e.g.*, *Enron*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

recovery, pending court approval); *In re Alphabet, Inc. Sec. Litig.*, No. 3:18-cv-06245-TLT (N.D. Cal.) ($350 million recovery, pending court approval); *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). And, while trials in shareholder class actions are rare, Robbins Geller has successfully tried several securities class actions to a plaintiff's verdict, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

In addition, the lawyers at Somermeyer Sullivan PLLC have a long track record of serving with distinction in complex matters pending in this District and are well aware of the Court's rules and procedures. Thus, the members of the class will receive the highest caliber of legal representation available from Robbins Geller as lead counsel and Somermeyer Sullivan PLLC as local counsel.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, CalPERS' selection of Robbins Geller as lead counsel is reasonable and should be approved.

### III.  CONCLUSION

CalPERS has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, CalPERS respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  July 15, 2024   Respectfully submitted,

SOMERMEYER SULLIVAN PLLC
TIM SULLIVAN, MN 391528
JAMES PORADEK, MN 290488 (OF COUNSEL)


                    s/ James Poradek
                   JAMES PORADEK

225 South Sixth Street, Suite 3900
Minneapolis, MN  55402
Telephone:  612/643-3486
tsullivan@somsull.com
jporadek@somsull.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SAM S. SHELDON
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
darrenr@rgrdlaw.com
ssheldon@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4880-6041-3903.v1