# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>UNITEDHEALTH GROUP INC., et al.,<br><br>      Defendants. | Civ. No. 24-cv-1743 (JMB/DTS)<br><br>CLASS ACTION<br><br>MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S NOTICE OF RELATED CASE AND UNOPPOSED MOTION FOR PROPOSED STIPULATED SCHEDULE |

4919-3170-8993.v1

I.  **Notice of Related Case**

Lead Plaintiff California Public Employees' Retirement System hereby notifies the Court of a recently filed action that is related to this action: *Faller v. UnitedHealth Group Inc.*, No. 1:25-cv-03799-AKH (S.D.N.Y.). On May 16, 2025, Lead Plaintiff filed a motion seeking to intervene to transfer *Faller* to this Court and vacate the lead plaintiff deadline in the *Faller* action. Upon transfer, Lead Plaintiff will seek to consolidate *Faller* with this case.[1]

As this Court is aware, since filing the Consolidated Complaint, the ongoing development of the investigations against UnitedHealth and a stream of new public information have confirmed Lead Plaintiff's allegations and necessitated that CalPERS update its allegations on three occasions: (1) on November 25, 2024, with leave of Court, CalPERS filed a supplemental complaint incorporating into its pleadings, *inter alia*, a report released by the Office of the Inspector General for the Department of Health and Human Services that corroborated CalPERS' allegations regarding UnitedHealth's fraudulent Medicare Advantage practices (ECF 54); (2) on March 21, 2025, CalPERS filed an amended complaint as of right under Rule 15(a)(1)(B), incorporating into its pleadings, *inter alia*, an additional partial corrective disclosure following the announcement of a new civil fraud investigation into UnitedHealth by the U.S. Department of Justice regarding UnitedHealth's

---

[1] Lead Counsel has met and conferred with Defendants' counsel and Defendants have authorized Lead Counsel to include their position concerning this filing, which is as follows. Defendants deny all wrongdoing and do not agree with any characterization that could be read to suggest wrongdoing. However, Defendants concur with Lead Plaintiff that the *Faller* matter is related to this case, and that it should be transferred and consolidated with this case. To that end, Defendants intend either to move to transfer the *Faller* case to this Court, or to join a pending motion to transfer.

fraudulent Medicare Advantage practices (ECF 97); and (3) on May 5, 2025, CalPERS moved again to supplement its pleadings to incorporate, *inter alia*, yet another partial corrective disclosure, this time as a result of UnitedHealth's April 17, 2025 reduction of its earnings guidance which analysts connected to the DOJ investigations and UnitedHealth's fraudulent Medicare Advantage practices.[2]  ECF 102-107.  On May 14, 2025, the Court granted CalPERS' motion for leave to supplement and the Supplemental First Amended Consolidated Complaint has now been filed.  ECF 110.

On May 7, 2025, two days after CalPERS filed its May 5, 2025 motion to supplement, a new action was filed in the U.S. District Court for the Southern District of New York on behalf of plaintiff Faller, who purchased 10 shares of UnitedHealth stock, and a putative class of purchasers or acquirers of UnitedHealth securities, alleging claims based on the same facts CalPERS' Supplemental First Amended Consolidated Complaint alleges.  Indeed, the purported *Faller* class period overlaps with the Class Period alleged in the Supplemental First Amended Consolidated Complaint in this action.  *Compare Faller* ECF 1 *with* ECF 110.

---

[2]   The stream of developments related to *CalPERS'* allegations remains ongoing with *The Wall Street Journal* reporting on May 13, 2025 that CEO Witty stepped down for "personal reasons" on May 13, 2025 and the Company was suspending its 2025 guidance (*UnitedHealth CEO Is Out, Sending Shares Plummeting*, by Anna Wilde Mathews and Christopher Weaver) and on May 14, 2025 reporting that *UnitedHealth Group Is Under Criminal Investigation for Possible Medicare Fraud* (also by Christopher Weaver and Anna Wilde Mathews) which stated that "the Company's stock has declined over financial performance and sudden replacement of CEO."  The *Faller* complaint was amended on May 14, 2025 to include the related May 13, 2025 disclosure concerning Witty's departure and guidance suspension.  *See Faller* ECF 5.

4919-3170-8993.v1

Like this Action, *Faller* alleges violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 against UnitedHealth and (now former) CEO Andrew Witty, as well as certain other UnitedHealth executives. *Faller* ECF 1, ¶¶2-18. And like CalPERS' Supplemental First Amended Consolidated Complaint (*see* ECF 110), *Faller* alleges that, following increased regulatory and public scrutiny as a result of fraudulent and unethical business practices, UnitedHealth made a series of knowingly false and misleading statements regarding its 2025 earnings projections and the health of its Medicare Advantage business from December 2024 through April 2025. *Faller* ECF 1, ¶¶31-37. Also, like CalPERS' Supplemental First Amended Consolidated Complaint, *Faller* alleges that, before the market opened on April 17, 2025, UnitedHealth announced that it had slashed its 2025 earnings projections, thereby causing UnitedHealth's common stock price to fall by more than $130 per share. *Id*., ¶¶38-47.

Because *Faller* is duplicative of the first-filed *CalPERS* action, Lead Plaintiff is seeking to intervene in *Faller* to transfer that case to this District and vacate the lead plaintiff notice issued in *Faller*. *See Woldanski v. TuSimple Holdings, Inc.*, 2023 WL 1795191, at *3 (S.D.N.Y. Feb. 7, 2023) (transferring second-filed securities case to district where first-filed action was pending and finding that "the instant action and the California Federal Action are related to such a significant degree that transfer to S.D. Cal. would advance both the interests of justice and efficiency" and further noting that "[t]ransfer would allow Defendants to move to consolidate the instant action with the California Federal Action, which would save judicial resources and avoid unnecessary conflicts between the cases").

**II.     Submission of Proposed Stipulated Schedule for the Filing of Defendants' Response to the Operative Complaint After Resolution of Motion to Transfer and Consolidate the Related Case**

On May 14, 2025, the Court also ordered that "The Parties shall promptly meet and confer and propose a new schedule for the filing of Defendants' response to the amended complaint, including any motion(s) to dismiss." ECF 109.  As noted above, the Parties have met and conferred and agree that for purposes of efficiency and conservation of judicial and party resources, it makes sense to defer a proposed new schedule for the filing of Defendants' response to the operative complaint until after the resolution of the above-noted motion to transfer and later motion to consolidate.  As such, Lead Plaintiff respectfully requests that the Court Order the Parties to submit a status update on the motion to transfer in 30 days.

DATED:  May 19, 2025              Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS (admitted *pro hac vice*)
SAM S. SHELDON (admitted *pro hac vice*)
LAURIE L. LARGENT (admitted *pro hac vice*)
ROBERT R. HENSSLER JR. (admitted *pro hac vice*)
JEFFREY J. STEIN (admitted *pro hac vice*)
JACK ABBEY GEPHART (admitted *pro hac vice*)

s/ Robert R. Henssler Jr.
ROBERT R. HENSSLER JR.

- 4 -

- 5 -

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
darrenr@rgrdlaw.com
ssheldon@rgrdlaw.com
llargent@rgrdlaw.com
bhenssler@rgrdlaw.com
jstein@rgrdlaw.com
jgephart@rgrdlaw.com

Lead Counsel for Lead Plaintiff

TM SULLIVAN PLLC
TIM SULLIVAN, MN 391528
JAMES PORADEK, MN 290488 (OF COUNSEL)
225 South Sixth Street, Suite 3900
Minneapolis, MN 55402
Telephone: 773/919-8667
tim@tmsull.com
jporadek@tmsull.com

Local Counsel for Lead Plaintiff

4919-3170-8993.v1