# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| California Employees' Retirement System, <br> *Plaintiff* <br> v. <br> UnitedHealth Group, Inc., et al., <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 24-cv-01743-JMB-DTS <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:       Semler Scientific, Inc.
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: | Date and Time: |
|---|---|
| | |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            *CLERK OF COURT*
                                                                OR

_____          _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-01743-JMB-DTS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Exhibit A
Page 2

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SCHEDULE A
(SEMLER SCIENTIFIC, INC.)

**THIS REQUEST IS FOR THE LIMITED PURPOSE OF INSTRUCTING YOU IN THE PRESERVATION OF DOCUMENTS IN YOUR POSSESSION, CUSTODY OR CONTROL, UNTIL FURTHER NOTICE**

**NO PRODUCTION OF DOCUMENTS IS REQUIRED OR BEING SOUGHT AT THIS TIME**

**I.   DEFINITIONS**

1. "Approved use" or "approved uses" refers to uses officially sanctioned by the United States Food and Drug Administration, including indicated uses as described by 21 C.F.R. §814.20(b)(3)(i).

2. "CID" means a civil investigative demand issued by the United States Department of Justice ("DOJ").

3. "Communication" or "communications" means any exchange of information (in the form of facts, ideas, inquiries, or otherwise) by any means of transmission, including document, telephone, telecopier, mail, fax, email, text, letters (including attachments), chat logs, recordings, personal delivery, or by any other means, be they analog, electronic, or otherwise.

4. "Concerning" means regarding, relating to, referring to, describing, reflecting, evidencing, or constituting.

5. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A), and includes all communications as well as "writings" and "recordings" (as defined by Rule 1001 of the Federal Rules of Evidence). A draft or non-identical copy or translation is a separate document within the meaning of this term.

6. "Electronically Stored Information" or "ESI" means information that is stored electronically, regardless of the media or whether it is in the original format in which it was created,

- 2 -

and shall be construed consistent with its usage in Rule 34 of the Federal Rules of Civil Procedure and the Advisory Committee Notes thereto.

7. "Including" means including, but not limited to.

8. "Person" or "persons" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. "SEC" refers to the United States Securities and Exchange Commission.

10. "Semler," "you," or "your" refers to Semler Scientific, Inc., the party subject to these requests, and includes any of its affiliated persons, predecessors, successors, parents, subsidiaries, divisions or affiliates, and its or their respective present and former officers, directors, principals, partners, representatives, agents, intermediaries, attorneys, accountants, employees, partners, and all other persons acting or purporting to act on behalf of the foregoing, and any entity established or acting for the benefit or on behalf of its or their self.

11. "UnitedHealth" refers to UnitedHealth Group, Inc. and any of its predecessors, successors, parents, subsidiaries, divisions, or affiliates, and its or their respective present and former officers, directors, agents, attorneys, accountants, employees, partners, and all other persons acting or purporting to act on behalf of the foregoing.

12. The term "all" shall be construed as "all," "any," or "each."

13. The terms "any" and "each" should be understood in either its most or least inclusive sense as will bring within the scope of the discovery request all responses that might otherwise be construed outside its scope.

## II. INSTRUCTIONS

1. You are required to preserve all documents in your possession, custody, or control relating to the matters discussed below under the heading "Documents to be Preserved." The fact that a document is preserved or produced by a defendant or other subpoenaed third party does not

- 3 -

relieve you of the obligation to preserve, or subsequently produce, your copy of the same document, even if the two documents are identical in all respects.

2. In preserving documents and other materials, you are requested to preserve all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

3. Documents are to be preserved in full.

4. The original of each document requested, together with all non-identical copies and drafts of that document, should be preserved.

5. All documents should be preserved so that they may, if needed or requested, be produced later pursuant to Rule 41(d)(1) of the Federal Rules of Civil Procedure.

6. All documents shall be preserved so that they may be later produced in the file folder, envelope, or other container in which the documents are kept, maintained, or stored in the ordinary course of business.

7. Documents attached to documents called for by this preservation subpoena (*e.g.*, attachments or exhibits) or which constitute routing slips, transmittal memoranda or letters, comments, post-it notes, or similar materials shall be preserved.

8. You shall preserve in its original form all ESI that would be responsive to any of the preservation requests set forth below. You shall suspend any activity, policy, or practice that may alter, delete, or render not reasonably accessible any relevant ESI. ESI shall not be converted to a form that alters the ESI, deletes the ESI, degrades its accessibility and/or degrades its search

4901-8131-4376.v1

Exhibit A
Page 6

- 4 -

ability. You shall also preserve any application software necessary to view relevant ESI to the extent such application software is proprietary or otherwise not generally commercially available.

## III.   RELEVANT TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from July 1, 2017 through the present ("Relevant Time Period"). Each request calls for the preservation of all documents and information which relate in whole or in part to the Relevant Time Period, or to events or circumstances during such period even though dated, prepared, generated, created, edited, revised, or received prior to that period. Please preserve documents described herein belonging to, stored on behalf of, or accessible by you in the normal course of business.

## IV.   DOCUMENTS TO BE PRESERVED

1. All documents and communications concerning the approved use of the QuantaFlo device, as related to testing for and diagnosis of peripheral artery disease.

2. All documents and communications produced to the DOJ concerning the DOJ investigation disclosed by you in Item 3 of your annual report on Form 10-K for the fiscal year ended December 31, 2024 filed with the SEC on February 28, 2025, including, but not limited to, documents and communications concerning:

    (a)   the CID received by you in July of 2017;

    (b)   the CID received by you in February of 2019;

    (c)   the CID received by you in December of 2021;

    (d)   the CID received by you in April of 2022;

    (e)   the CID received by you in April of 2023;

    (f)   the September 2024 information shared with you by the DOJ; and

    (g)   your January 2025 and February 2025 responses to the DOJ's September, 2024 communication.

- 5 -

3. All documents and communications with UnitedHealth concerning the QuantaFlo device, including, but not limited to:

    (a) sales of the QuantaFlo device to UnitedHealth;

    (b) UnitedHealth's intended use of the QuantaFlo device;

    (c) instructions to UnitedHealth concerning the use of the QuantaFlo device;

    (d) approved uses of the QuantaFlo device; and

    (e) communications with UnitedHealth concerning the DOJ investigation disclosed by you in Item 3 of your annual report on Form 10-K for the fiscal year ended December 31, 2024 filed with the SEC on February 28, 2025.

## TABLE 1: METADATA FIELDS[1]

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment or hyperlinked attachment. |
| VOLUME | VOL001 | The name of CD, DVD, or Hard Drive. |
| RECORDTYPE | eMail, Attachment, Scanned Doc, eFile, Chat/Text | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the email or calendar entry was sent. |
| SENTTIME | HH:MM | The time the email or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry. |
| MEETING START TIME | HH:MM | Start time of calendar entry. |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry. |
| MEETING END TIME | HH:MM | End time of calendar entry. |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business. This field should be populated for both email and e-files. |
| FILEPATH-DUP | i.e. /JSmith.pst/Inbox /Network Share/Accounting/… /TJohnsonPC/Users/TJohnson/My Documents/… | The file paths from the locations in which the duplicate documents were stored in the usual course of business. This field should be populated for both email and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author or owner of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item. An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item. An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email/calendar item. An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Slack, WhatsApp, Teams, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| TRACK CHANGES | Yes or No | The yes/no indicator of whether tracked changes exist in the file. |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| IS HYPERLINKED | Yes or No | The yes/no indicator of whether a file is a hyperlinked document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together email threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| REDACTION TYPE | Attorney-Client Privilege; Work Product | The redaction type(s) applied on the document. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding Bates numbers. **Note**: Emails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1] For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, MS Teams, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

Exhibit A
Page 9