**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

California Public Employees' Retirement
System, *Individually and on Behalf of
All Others Similarly Situated*,

      Plaintiff,

v.

UnitedHealth Group Inc., et al.,

      Defendants.

Case No. 24-cv-1743 (JMB/DTS)

**ORDER**

---

Plaintiff California Public Employees' Retirement System moves for partial relief "from the Private Securities Litigation Reform Act of 1995 (the 'PSLRA') discovery stay for the purpose of serving a preservation subpoena on non-party Semler Scientific, Inc." Dkt. No. 123. Defendants "take no position concerning the motion." Dkt. No. 126.

The PSLRA provides that, "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B). Courts often find it appropriate to partially lift the PSLRA stay to permit a plaintiff to serve a particularized preservation subpoena. *In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) ("Plaintiffs' service of Subpoenas *duces tecum* would further Congress' intent by subjecting relevant evidence to a 'stay put' directive whether in the hands of the parties, or in those of third-parties, but would not allow the Plaintiff to engage in discovery until such time as the District Court should rule on the Motion to Dismiss in a way that would warrant an enforcement of the Subpoenas.");

*see also, e.g.*, *In re Equifax Inc. Sec. Litig.*, No. 1:17-CV-3463-TWT, 2018 WL 3023278, at *8 (N.D. Ga. June 18, 2018) ("[S]uch a decision is consistent with the PSLRA because in it Congress expressed a desire to make sure that relevant evidence is preserved without being subjected to production.").

Allowing Plaintiff to serve a preservation subpoena is appropriate here. Semler is a medical device manufacturer whose "only product," according to Plaintiff, "was part of the Medicare Advantage scheme that UnitedHealth concealed from the market." Dkt. No. 124 at 6. Semler has been subject to the Department of Justice's fraud investigation. *Id.* at 5–6. Plaintiff represents that Semler "is currently not, to Plaintiff's knowledge, subject to any litigation hold or other preservation order that would prevent Semler from disposing of documents that are relevant to Plaintiff's allegations." *Id.* at 6. Moreover, Plaintiff has attached a proposed preservation subpoena identifying with particularity the documents to be preserved. *See* Dkt. No. 125-1.

**IT IS HEREBY ORDERED:**

1.     Plaintiff's Motion to Serve a Preservation Subpoena (Dkt. No. 123) is **GRANTED**.

2.     Plaintiff shall serve its proposed preservation subpoena (Dkt. No. 125-1) on non-party Semler Scientific, Inc., by July 2, 2025.

Dated: June 18, 2025                                   s/ David T. Schultz
                                                                    DAVID T. SCHULTZ
                                                                    U.S. Magistrate Judge