**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, individually and
on behalf of all others similarly situated,

                *Plaintiffs,*

v.

UNITEDHEALTH GROUP INC.,
ANDREW WITTY, STEPHEN
HEMSLEY, and BRIAN
THOMPSON,

                *Defendants.*

Case No. 0:24-cv-01743-JMB-DTS

**DEFENDANTS'[1] RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT**

On June 12, 2025, Plaintiff California Public Employees' Retirement System

("Plaintiff") filed a motion for leave to file a "second supplemental consolidated

complaint" pursuant to Rule 15(d) (the "Motion").  ECF No. 117.  A supplemental

complaint (as opposed to an amended complaint) is appropriate only where the additional

transactions, occurrences, or events pleaded "happened after the date of the pleading to

be supplemented."  Fed. R. Civ. P. 15(d); *see also Sorenson v. Minn. Dept. of Human

Servs.*, 2020 WL 7481756, at *4-5 (D. Minn. Nov. 13, 2020) (finding that proposed

supplemental complaint was not supplemental where it included allegations plaintiff

"could have, but chose not to, include in [prior amended complaint] at the time it was

---

[1] This response is filed by Defendants UnitedHealth Group Incorporated, Andrew Witty,
and Stephen Hemsley.  Defendant Brian Thompson is deceased.

filed"); *Schreier v. Drealan Kvilhaug Hoefker & Co. P.A.*, 2019 WL 1923111, at *1 (D. Minn. Apr. 30, 2019) (denying motion to supplement where new allegations pre-dated earlier amended complaint); *Onyx Waste Servs. Midwest, Inc. v. Olmstead Cnty., Minnesota*, 2006 WL 8445070, at *2 (D. Minn. Jan. 26, 2006) ("[A] supplemental pleading is limited to events that have occurred since the pleading was filed. Where a party lacks knowledge of those facts, but those facts existed at the time of the pleading, that party cannot adduce those facts through a motion for a supplemental pleading." (internal citation omitted)).

To be sure, many of the new allegations in Plaintiff's proposed second supplemental consolidated complaint relate to events that occurred after Plaintiff filed its motion for leave to file its Supplemental First Amended Consolidated Complaint on May 5, 2025, including, among others, statements made on earnings calls in mid-May 2025, references to media speculation about the reasons for the May 13, 2025 departure of UnitedHealth's CEO, and UnitedHealth's June 4, 2025 filing of a defamation lawsuit against *The Guardian* for its reporting on the company. *See, e.g.,* [Proposed] Second Supplemental Consolidated Complaint (ECF No. 120-2) ¶¶ 25, 27, and 140, n.12.

But the proposed second supplemental consolidated complaint also includes new allegations about events that occurred well before – even years before – Plaintiff's last-filed complaint. The proposed supplemental complaint adds, for example, allegations about changes to the Medicare Advantage program that CMS announced in 2023 and began implementing in 2024. *Id.* at ¶¶ 126-28 ("In 2023, during the Biden Administration, CMS launched a comprehensive overhaul of the Medicare Advantage

risk adjustment payment system . . . .").  It seeks to add, as allegedly false or misleading statements, comments by various UnitedHealth executives from earnings calls in October 2021 (*id.* at ¶ 264), July 2022 (*id.* at ¶ 274), and April 2023 (*id.* at ¶ 279-80), and multiple statements from an investor conference that took place in November 2023 (*id.* at ¶ 282-284).  Each of these allegations relates to events that significantly pre-date Plaintiff's most recent amended complaint filed on May 14, 2025 (and pre-date even the original complaint filed May 14, 2024).  Plaintiff may add the new allegations at this early stage of the proceedings, but its Motion should be considered a motion both to supplement pursuant to Rule 14(d) *and* to amend pursuant to Rule 15(a).  *See* 3 Moore's Federal Practice – Civil § 15.30 (2025) ("Though usually a new complaint is either an amended complaint or a supplemental complaint, the categories are not mutually exclusive. Accordingly, a new complaint may be *both* an amendment of *and* a supplement to the prior complaint.").

Construed as such, and, reserving all rights, Defendants do not oppose amendment (and supplementation as to the allegations that are properly considered a supplement) at this time, so the Court can consider all relevant allegations now, subject to Defendants' anticipated motion to dismiss.  Finally, given that this is Plaintiff's fourth time amending or supplementing the complaint, and the second amendment/supplement to be filed after Defendants filed their motion to dismiss, ECF Nos. 46, 97, 102, in the event a motion to dismiss is granted, there should be no further leave to amend.  *See Zean v. Wells Fargo Bank, N.A.*, 2018 WL 6326413, at *3 (D. Minn. Dec. 4, 2018) (denying motion to amend

where complaint had already been amended twice because "[t]he Court will not endorse a potentially perpetual cycle of motions to dismiss and motions to amend").

Date:  June 20, 2025

Respectfully submitted,

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

Michael G. Bongiorno*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
michael.bongiorno@wilmerhale.com
Telephone: 212-230-8800
Facsimile: 212-230-8888

Timothy J. Perla*
Sonia Sujanani*
Dan Willey*
60 State Street
Boston, MA 02109
timothy.perla@wilmerhale.com
sonia.sujanani@wilmerhale.com
dan.willey@wilmerhale.com
Telephone: 617-526-6000
Facsimile: 617-526-5000


**Faegre Drinker Biddle & Reath LLP**

Peter C. Magnuson
Matthew Kilby
Jeffrey P. Justman
Anderson C. Tuggle
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
peter.magnuson@faegredrinker.com
matthew.kilby@faegredrinker.com

-4-

jeff.justman@faegredrinker.com
anderson.tuggle@faegredrinker.com
Telephone: 612-766-7000
Facsimile: 612-766-1600


*Counsel for Defendants*
*\* Admitted Pro Hac Vice*

-6-

## LOCAL RULE 7.1 CERTIFICATE OF
## WORD-COUNT COMPLIANCE

I, Michael G. Bongiorno, hereby certify that Defendants' Response to Plaintiff's Motion for Leave to Supplement Complaint complies with Local Rule 7.1(f) and (h).

I further certify that, in preparation of the Response, I used Microsoft® Word for Microsoft 365 MSO and that this word-processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced Response contains 693 words, exclusive of the caption and signature block.

*/s/ Michael G. Bongiorno*

Michael G. Bongiorno