**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP INC., ANDREW WITTY, STEPHEN HEMSLEY, and BRIAN THOMPSON,<br><br>       Defendants. | Case No. 0:24-cv-01743-JMB-JFD |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR LEAVE TO SUPPLEMENT**

Plaintiff California Public Employees' Retirement System has already amended or supplemented its complaint *four times*.  (*See* ECF Nos. 45, 54, 97, 110, 131.)  On the eve of Defendants' September 5 deadline for filing their motion to dismiss, Plaintiff now seeks leave to file a fifth amendment of its complaint, which it styles only as a motion for leave to file its "Third Supplemental Consolidated Complaint" pursuant to Federal Rule of Civil Procedure 15(d) (the "Motion").  (ECF No. 149.)  Given the early stage of these proceedings, and Defendants' interest in moving promptly to dismiss Plaintiff's legally-flawed claims based on all of its allegations, Defendants do not oppose the filing of yet another  amended complaint.  But the Court should require Plaintiff to correctly name its latest pleading as both its third amended supplemental consolidated complaint, pursuant to

both Rules 15(a) and (d), because it contains allegations addressed to matters that occurred before *and* after the filing of its operative complaint.  The Court should also make clear that Plaintiff can make no more amendments or supplementations in response to Defendants' upcoming motion to dismiss, or if the Court grants that motion.

1.    Plaintiff's latest proposed complaint represents both an amendment of, and a supplement to, its currently operative complaint.  To be sure, many of Plaintiff's new allegations relate to events that occurred after it sought leave to file its Second Supplemental Consolidated Complaint on June 12, 2025.  (*See* ECF No. 117.)  These include, among others, allegations pertaining to media coverage in July 2025 about DOJ's investigations into UnitedHealth's business practices and UnitedHealth's earnings guidance on July 29, 2025.  *See, e.g.*, [Proposed] Third Supplemental Consolidated Complaint (ECF No. 152-1) ¶¶ 32, 34, 266, 490-493, 494-501.

But Plaintiff's proposed complaint also includes new allegations about events that occurred *before* its most recent amended complaint filed on June 24, 2025.  The proposed complaint adds, for example, an entirely new fraud theory that UnitedHealth made allegedly false and misleading disclosures about so-called "portfolio refinement" transactions in January and February 2025.  *Id.* at ¶¶ 323, 327.  Plaintiff also criticizes a January 2025 study published by UnitedHealth subsidiary Optum regarding Medicare Advantage.  *Id.* at ¶ 427.

2.    "Supplemental pleadings are distinct from amended pleadings."  *Sorenson* v. *Minn. Dep't of Human Servs.*, 2020 WL 7481756, at *4 (D. Minn. Nov. 13, 2020).  Thus, each is governed by a "separately titled subrule" within Rule 15.  *Sroka* v. *Wal-Mart Stores*

*East LP*, 2018 WL 8621212, at *3 (E.D. Mich. April 9, 2018) (citing 3 MOORE'S FEDERAL PRACTICE – CIVIL § 15.30 (3d ed. 2017)).  An amendment pursuant to Rule 15(a) "is designed to include matters occurring before the filing of the [complaint] but [were] either overlooked or not known at the time." *Sorenson*, 2020 WL 7481756, at *4.  Conversely, a supplemental pleading pursuant to Rule 15(d) is appropriate only when additional transactions, occurrences, or events pleaded "happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d); *see Schrier* v. *Drealan Kvilhaug Hoefker & Co.*, 2019 WL 1923111, at *1 (D. Minn. Apr. 30, 2019) .

"Though usually a new complaint is either an amended complaint or a supplemental complaint, the categories are not mutually exclusive.  Accordingly, a new complaint may be both an amendment of and a supplement to the prior complaint." 3 MOORE'S FEDERAL PRACTICE – CIVIL § 15.30 (3d ed. 2025).  Thus, the Court should permit Plaintiff to file its latest complaint, but only if its motion is considered a motion *both* to amend pursuant to Rule 15(a) *and* to supplement pursuant to Rule 15(d) .  As the First Circuit has recognized, "a motion to supplement that is in fact a motion to amend will ordinarily be recharacterized and addressed under the correct rubric." *U.S. ex. rel. Gadbois* v. *PharMerica Corp.*, 809 F.3d 1, 7 n.3 (1st Cir. 2015).

3.      Defendants do not oppose Plaintiff's filing of yet another complaint (with the proper characterization), but this process has gone on long enough.  This action was filed more than a year ago—on May 14, 2024.  This is now Plaintiff's fifth time amending or supplementing its complaint, and the fourth amendment/supplement to be filed after Defendants filed their initial motion to dismiss on February 28, 2025.  (*See* ECF Nos. 97,

110, 131.)  All the while, Defendants have been deprived the opportunity to fully brief their motion to dismiss.  Enough is enough.  Defendants are entitled to move against the claims that have been on the Court's docket for more than 15 months.  Accordingly, the Court should not grant leave to amend in response to Defendants' moving brief on its upcoming motion to dismiss, or if the Court grants that motion.  *See Zean* v. *Wells Fargo Bank, N.A.*, 2018 WL 6326413, at *3 (D. Minn. Dec. 4, 2018) (denying motion to amend where complaint had already been amended twice because "[t]he Court will not endorse a potentially perpetual cycle of motions to dismiss and motions to amend").

## CONCLUSION

The Court should recharacterize Plaintiff's motion as both a motion to amend (under Rule 15(a)) and a motion to supplement (under Rule 15(d)), and order that no further efforts to amend its now sixth pleading will be permitted in response to Defendants' forthcoming motion to dismiss.

Dated:  August 26, 2025

Respectfully Submitted,

/s/ Jeffrey P. Justman

Robert J. Giuffra, Jr. (admitted *pro hac vice*)  Peter C. Magnuson
Jeffrey T. Scott (admitted *pro hac vice*)  Matthew Kilby
Matthew J. Porpora (admitted *pro hac vice*)  Jeffrey P. Justman
SULLIVAN & CROMWELL LLP  Anderson C. Tuggle
125 Broad Street  FAEGRE DRINKER BIDDLE & REATH LLP
New York, New York 10004  2200 Wells Fargo Center
Tel:  (212) 558-4000  90 South Seventh Street
Fax:  (212) 558-3588  Minneapolis, MN 55402
giuffrar@sullcrom.com  Tel:  (612) 766-7000
scottj@sullcrom.com  Fax:  (612) 766-1600
porporam@sullcrom.com  peter.magnuson@faegredrinker.com
matthew.kilby@faegredrinker.com
Morgan L. Ratner (*pro hac vice* forthcoming)  jeff.justman@faegredrinker.com
SULLIVAN & CROMWELL LLP  anderson.tuggle@faegredrinker.com
1700 New York Avenue, N.W.
Washington, D.C. 20006
Tel:  (202) 956-7500
Fax:  (202) 956-7676
ratnerm@sullcrom.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP INC., ANDREW WITTY, STEPHEN HEMSLEY, and BRIAN THOMPSON,<br><br>       Defendants. | Case No. 0:24-cv-01743-JMB-DTS |

**LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I, Jeffrey P. Justman, hereby certify that Defendants' Response To Plaintiff's Motion For Leave To Supplement Complies with Local Rule 7.1(f) and (h).

I further certify that, in preparation of this Response, I used Microsoft Word for Microsoft 365 MSO and that this word-processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced Response contains 864 words, exclusive of the caption, table of contents, table of authorities, and signature block.

Respectfully submitted,

*/s/Jeffrey P. Justman*